PAUL BASHKIN
P.O. Box 881946
San Diego, California 92168
(619) 230-1133

Plaintiff, in pro per

FILED

08 AUG -8 PM 3: 01

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN DIEGO COUNTY; HOWARD KLUGE, individually and in his official capacity; BRET GARRETT, individually and in his official capacity; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 08 CV 1450 WQH RBB<br><br>COMPLAINT FOR DAMAGES:<br><br>(1) DEPRIVATION OF RIGHTS [42 U.S.C. § 1983]; and<br><br>(2) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS [42 U.S.C. § 1985]<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff, PAUL BASHKIN, alleges as follows:

## JURISDICTIONAL BASIS FOR COMPLAINT

1.　Plaintiff brings this suit pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of certain protections guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution, committed by each of the defendants acting under color of California law. Defendants HOWARD KLUGE and BRET GARRETT are sheriff's deputies who are being sued in both their personal and official capacities.

## INTRODUCTORY ALLEGATIONS

2. Plaintiff PAUL BASHKIN ("PLAINTIFF") is, and at all times herein mentioned was, a resident of the State of California, residing in San Diego County.

3. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants HOWARD KLUGE ("KLUGE") and BRET GARRETT ("GARRETT") were residents of, and/or doing business in, San Diego County.

4. PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant SAN DIEGO COUNTY was doing business in San Diego County.

5. PLAINTIFF is unaware of the true names and identities of the defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants under such fictitious names and will seek leave of the Court to amend this Complaint to show their true names when the same have been ascertained. DOES 1 through 10 were non-tribal members employed by Barona Resort & Casino ("Barona") who conspired with defendants KLUGE and GARRETT to deprive PLAINTIFF of his civil rights, as set forth hereinbelow.

## FIRST CAUSE OF ACTION

### DEPRIVATION OF RIGHTS [42 U.S.C. § 1983]

(As To All Defendants)

6. PLAINTIFF realleges and incorporates by reference, paragraphs 1 through 5, inclusive, as though fully set forth herein.

7. On August 8, 2006, Deputies KLUGE and GARRETT, responded to a California Welfare & Institutions Code § 5150 ("§ 5150") call from Barona management with regard to PLAINTIFF.

8. After questioning PLAINTIFF, Deputy KLUGE decided not to have PLAINTIFF involuntarily committed on a § 5150 hold. PLAINTIFF was not arrested and was informed that he was free to go. All violations hereinafter alleged occurred subsequent to these decisions.

9. PLAINTIFF then informed Barona that although he did not intend to gamble there anymore, he had decided not to 'self-ban' from the casino in order to preserve the substantial player's club benefits he had already earned (e.g., free daily buffets, bonus cash, etc.). During subsequent negotiations between PLAINTIFF and Barona, Deputy KLUGE interfered with PLAINTIFF's attempts to protect and preserve his contractual player's club rights. Without provocation, Deputy KLUGE began verbally harassing PLAINTIFF and shouting at him, informing PLAINTIFF, among others, that he had "no rights" and that Barona could do whatever it wanted to him.

10. Deputy KLUGE then forced PLAINTIFF from the Barona interrogation room to an adjacent parking lot where the deputy's car was parked by pinning PLAINTIFF's wrists behind his back, which was excruciatingly painful and left bruises. En route, PLAINTIFF asked Deputy KLUGE to let go of his wrists because he was hurting him. Deputy KLUGE refused, telling PLAINTIFF to "shut up."

11. When they arrived at Deputy KLUGE's squad car, PLAINTIFF advised the deputy that he had a claim check to retrieve his backpack in his right front pocket. Deputy KLUGE would not let PLAINTIFF get it. Instead, Deputy KLUGE handcuffed PLAINTIFF, which was also very painful and done over his protestations, while Deputy KLUGE searched each of PLAINTIFF's pockets without his consent.

12. When Deputy KLUGE found PLAINTIFF's wallet in his back pocket, Deputy KLUGE began rummaging through it, commenting on its contents. Eventually, Deputy KLUGE pulled the claim check out of PLAINTIFF's right front pocket and ordered PLAINTIFF to walk around to the casino entrance where the buses departed, informing PLAINTIFF that his backpack would be waiting for him when he got there.

13. Deputy KLUGE then removed the handcuffs while threatening to charge PLAINTIFF with criminal trespassing if PLAINTIFF did not leave on the next bus. Scared to death, PLAINTIFF did exactly as he was told.

14. Deputy GARRETT was present during this ordeal, yet did not attempt to stop Deputy KLUGE from committing the acts complained about herein, despite having the knowledge, opportunity and duty to do so.

15. Deputies KLUGE and GARRETT failed to: (a) document this incident; (b) report it to their superiors; or (c) file any incident report with the SAN DIEGO COUNTY Sheriff's Department, in order to conceal their misconduct.

16. Deputy KLUGE's actions and Deputy GARRETT's inaction, violated PLAINTIFF's constitutional rights. They violated PLAINTIFF's 4th Amendment rights by, among others: (a) subjecting PLAINTIFF to an unlawful and unreasonable search and seizure without probable cause; and (b) using excessive force and unlawful restraint against PLAINTIFF absent probable cause. In fact, once Deputy KLUGE determined not to have PLAINTIFF committed on a § 5150 hold, Deputy KLUGE had no right to search or seize PLAINTIFF's person or property and no right to use any force or restraint against PLAINTIFF.

17. Deputies KLUGE and GARRETT also violated PLAINTIFF's 14th Amendment rights by depriving PLAINTIFF of liberty without due process when Deputy KLUGE unlawfully restrained PLAINTIFF. In fact, once Deputy KLUGE determined not to have PLAINTIFF committed on a § 5150 hold, Deputy KLUGE had no right to detain PLAINTIFF, much less falsely arrest, kidnap or imprison him, which is what the deputy effectively did.

18. Defendant SAN DIEGO COUNTY either maintained a policy that allowed its sheriff's deputies, including Deputies KLUGE and GARRETT, to engage in the lawlessness set forth above, or acted recklessly, intentionally or with gross negligence in failing to adequately train its sheriff's deputies, including KLUGE and GARRETT, with regard to the aforementioned unlawful acts.

19. The Internal Affairs Unit of the SAN DIEGO COUNTY Sheriff's Department conducted an internal investigation and determined that "no violations of Sheriff's Department policies and procedures were found." Thus, it is the policy, custom or practice of the SAN DIEGO COUNTY Sheriff's Department to act with deliberate indifference toward the 4th and 14th Amendment rights of United States citizens and, more specifically, individuals investigated on a § 5150 charge, by: (a) allowing its deputies to unreasonably search and seize them, use excessive force against them and deprive them of their liberty without due process; and (b) not requiring its deputies to document or file incident reports concerning § 5150 investigations or detentions.

20. Had the SAN DIEGO COUNTY Sheriff's Department instituted affirmative procedures designed to adequately train its deputies with regard to the 4th and 14th Amendment rights of individuals being investigated pursuant to § 5150, PLAINTIFF's aforesaid injuries would have been lessened or avoided.

21. As a direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF was hurt and injured in health, strength and activity, sustaining injuries to his body and shock and injuries to his nervous system and person, all of which said injuries caused PLAINTIFF mental, physical, and nervous pain and suffering.

22. As a further direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF suffered the loss of his freedom.

23. As a further direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF suffered the loss of more than $15,000 in Barona Player's Club benefits to which he was entitled.

24. The conduct of defendants was purposely oppressive and was done knowingly, willfully and with malicious intent, entitling PLAINTIFF to an award of punitive and exemplary damages.

### SECOND CAUSE OF ACTION

**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS [42 U.S.C. § 1985]**

(As To Defendants KLUGE, GARRETT & DOES 1-10)

25. PLAINTIFF realleges and incorporates by reference, paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Defendants KLUGE and GARRETT conspired with each other and with certain Barona employees for the purpose of impeding, hindering, obstructing, or defeating PLAINTIFF's due course of justice, with the intent to subvert PLAINTIFF's 4th and 14th Amendment rights and/or to injure PLAINTIFF for lawfully attempting to enforce those constitutional rights.

27. After Deputy KLUGE determined not to have PLAINTIFF committed on a § 5150 hold, PLAINTIFF informed Barona employees that while he did not intend to gamble there anymore, he decided not to voluntarily ban himself from the casino in order to preserve the substantial Barona Player's Club benefits he had already earned (e.g., free daily buffets, bonus cash, etc.). Those benefits were worth more than $15,000.

28. Barona did not want to uphold its part of the contract it had entered into with PLAINTIFF – which required it to provide PLAINTIFF with those player's club benefits he had already earned – if PLAINTIFF was not going to continue gambling there. Certain Barona employees then informed Deputies KLUGE and GARRETT that they were going to involuntarily ban PLAINTIFF after he decided not to voluntarily ban himself, under the pretext of PLAINTIFF's alleged "misconduct," in order to cheat PLAINTIFF out of the benefits he had already bargained for and earned. Those Barona employees then entered into an agreement or understanding with Deputy KLUGE to have him terrorize PLAINTIFF and forcibly remove PLAINTIFF from the premises in order to coerce PLAINTIFF to give up his player's club rights and to make it appear as if he had engaged in such unidentified misconduct in order to warrant his removal from the casino. To that end, Deputies KLUGE and GARRETT did Barona's bidding, as set forth herein.

29. Barona made audio and videotapes of this incident which corroborated all of PLAINTIFF's allegations and established that: (a) PLAINTIFF did not engage in any misconduct; (b) certain Barona employees and defendants KLUGE and GARRETT sought to cheat PLAINTIFF out of the aforementioned contractual benefits to which he was entitled and had already earned; and (c) defendants KLUGE and GARRETT violated PLAINTIFF's 4th and 14th amendment rights, as hereinabove set forth, in furtherance of their conspiracy with Barona.

30. Because of the incriminating and incendiary nature of the audio and videotapes, defendants KLUGE and GARRETT, through their agreement(s) with Barona, conspired to obstruct justice and have those tapes destroyed shortly after the incident. Defendants KLUGE and GARRETT also conspired with each other to obstruct justice by not: (a) documenting the incident, (b) not reporting the incident to their superiors; and (c) not filing an incident report with the SAN DIEGO COUNTY Sheriff's Department. All of these actions were done to conceal defendants' liability;

31. As a direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF was hurt and injured in health, strength and activity, sustaining injuries to his body and shock and injuries to his nervous system and person, all of which said injuries caused PLAINTIFF mental, physical, and nervous pain and suffering.

32. As a further direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF suffered the loss of his freedom.

33. As a further direct and proximate result of the conduct of the defendants, and each of them, PLAINTIFF suffered the loss of more than $15,000 in Barona Player's Club benefits to which he was entitled.

34. The conduct of defendants was purposely oppressive and was done knowingly, willfully and with malicious intent, entitling PLAINTIFF to an award of punitive and exemplary damages.

WHEREFORE, PLAINTIFF prays for judgment against defendants, and each of them, as follows:

1. For general damages in an amount according to proof at trial;
2. For special damages in an amount according to proof at trial;
3. For punitive damages in an amount according to proof at trial;
4. For reasonable attorney's fees, costs and interest as authorized by law; and
5. For such other and further relief as the court deems just and proper.

DATED: August 8, 2008                              PAUL BASHKIN

                                                   By _____
                                                   Paul BASHKIN
                                                   In Propria Persona

---

7
COMPLAINT FOR DAMAGES

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BASHKIN, PAUL

## DEFENDANTS
SAN DIEGO COUNTY; KLUGE, HOWARD; GARAGE BAY; DOES 1-100

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): Pro Se

Attorneys (If Known): Unknown

08 CV 1450 WQH RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 555 Prison Condition | | | | |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sections 1983, 1985

Brief description of cause: 9th & 14th Amendment violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ According to Proof at Trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8/5/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

