FILED

09 DEC -8 PM 3:26

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY; HOWARD KLUGE, individually and in his official capacity; BRET GARRETT, individually and in his official capacity; DOES 1-100, inclusive,<br><br>　　　　Defendants. | Civil No. 08cv1450 WQH(RBB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TERMINATE THE DEPOSITION OF HOWARD KLUGE [DOC. NO. 22], PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO FILE A MOTION TO AMEND HIS COMPLAINT [DOC. NO. 24], DEFENDANT SAN DIEGO COUNTY'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO INTERROGATORIES; REQUEST FOR ATTORNEY'S FEES [DOC. NO. 25], AND PLAINTIFF'S MOTION TO COMPEL DEFENDANT HOWARD KLUGE TO PRODUCE WRITTEN RESPONSES AND ORGANIZE DOCUMENTS WITHOUT OBJECTION PURSUANT TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS; REQUEST FOR SANCTIONS [DOC. NO. 29] |

On December 7, 2009, the Court held a hearing on four discovery motions filed by Plaintiff and Defendants. Plaintiff Paul Bashkin appeared on his behalf, and the Defendants were

1

08cv1450 WQH(RBB)

1  represented by James M. Chapin, Senior Deputy County Counsel. For
2  the reasons stated on the record and as outlined below, the Court
3  grants in part and denies in part the Plaintiff's and Defendants'
4  Motions.
5       Defendants' Motion to Terminate the Deposition of Howard Kluge
6  is Granted in part and Denied in part [doc. no. 22]. Defendants'
7  request for a protective order preventing any further deposition of
8  Defendant Howard Kluge is Denied, but the Court limits the
9  continued deposition to no more than two hours. At the resumed
10 deposition, Plaintiff is permitted to inquire about Defendant
11 Kluge's insurance coverage for this action, any documents obtained
12 by Plaintiff that were not the subject of prior questioning,
13 Defendant Kluge's knowledge of policies and procedures of the San
14 Diego County Sheriff's Department regarding investigating and
15 handling a California Welfare & Institutions Code § 5150 matter, a
16 claim for trespassing, or other policies and procedures identified
17 by Bashkin as covered by Plaintiff's request for production number
18 sixteen and disclosed to defense counsel as outlined below. The
19 deposition will take place telephonically, assuming there is no
20 additional expense for conducting it by phone. If there is an
21 additional expense, the deposition may proceed telephonically if
22 Defendants pay for any additional charges. The continued
23 deposition is to be completed no later than January 15, 2010.
24      Bashkin has filed a Motion for Reconsideration of this Court's
25 September 10, 2009, Order Denying Plaintiff's Ex Parte Application
26 for an Order Extending Time to File a Motion to Amend His Complaint
27 [doc. no. 24]. Bashkin has failed to show good cause for granting
28

the relief requested. Accordingly, his Motion for Reconsideration is Denied.

The Court Grants in part and Denies in part Defendant San Diego County's Motion to Compel Plaintiff to Respond to Interrogatories [doc. no. 25]. Defendant's Motion to Compel Plaintiff responses to interrogatories one through three and ten through thirteen is Granted, but the responsive time frame for these seven interrogatories is limited to August 8, 2003, through the present. Defendant's Motion to Compel Plaintiff to respond to interrogatories four, seven, fourteen, and sixteen is Granted. Defendant's Motion to Compel Plaintiff to respond to interrogatories five, eight, and nine is denied, but Plaintiff is reminded of his duty to supplement his responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Defendant San Diego County's Motion to Compel Plaintiff to respond to interrogatory six is Granted, but the time frame is limited to the past ten years. Defendant's Motion to Compel Plaintiff to respond to interrogatory fifteen is Granted; Plaintiff is ordered to clarify his response. Bashkin is ordered to provide his responses to Defendant San Diego County's Special Interrogatories by no later than December 21, 2009.

The Court Grants in part and Denies in part Plaintiff's Motion to Compel Defendant Howard Kluge to Produce Written Responses and Organize Documents Without Objection Pursuant to Plaintiff's Request for Production of Documents [doc. no. 29]. Defendant Kluge is ordered to respond to Plaintiff's twenty-three requests for production in writing and produce responsive documents by no later than December 21, 2009. Certain requests for documents require

additional comment. In connection with request number six, Plaintiff complains that Defendant Kluge has not produced the "original" photographs of Barona Casino. At the hearing, defense counsel stated that neither he nor his client has the original photographs, and duplicates of Defendants' copies have been produced. That is sufficient.

Kluge is to produce documents in his possession, custody and control that are responsive to requests numbers eight and nine. The reference to "complaints" in those requests is limited to complaints alleging excessive force, unlawful restraint, unlawful search and seizure, and unlawful detention. Kluge is ordered to produce documents responsive to requests numbers ten and eleven. For request sixteen, counsel for Defendant has agreed to produce a copy of San Diego Sheriff's Department policies regarding investigating and handling a California Welfare & Institutions Code § 5150 matter, a trespass claim, and any other policies relevant to this action that Plaintiff identifies to counsel for Defendants by December 14, 2009.

In partial response to request for production number eighteen, by December 21, 2009, Defendant Kluge is ordered to produce a declaration to Plaintiff, signed under penalty of perjury, listing Kluge's financial net worth, including his income, assets, and liabilities. The underlying documents supporting Kluge's declaration must be brought to the first day of trial and be available for introduction into evidence. All other documents responsive to Plaintiff's twenty-three requests for production shall be produced to Bashkin no later than December 21, 2009. If any documents are being withheld on the basis of a claim of

attorney-client privilege or under the work product doctrine, a privilege log identifying those documents shall also be produced by December 21, 2009.

The documents produced by Defendants are subject to a protective order limiting their use and disclosure. The documents may only be used in connection with this action and shall not be disclosed to any third party not connected with the prosecution or defense of this action without the consent of the producing party or an order of this Court.

Each of the parties' requests for sanctions is Denied.

IT IS SO ORDERED.

Dated: December 8, 2009

Ruben B. Brooks
United States Magistrate Judge