UNITED STATES DISTRICT Court

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, HOWARD KLUGE, BRET GARRETT, & DOES 1-100,<br><br>　　　　　　　　　Defendants. | Civil No. 08-cv-1450-WQH(WVG)<br><br>ORDER FOR DEFENDANTS TO PRODUCE INTERNAL AFFAIRS DOCUMENTS TO PLAINTIFF |

**I.     INTRODUCTION**

Plaintiff has requested for the Internal Affairs (IA) file in connection with the current lawsuit and Defendants Kluge's and Garrett's personnel file records that contain citizen complaints alleging excessive force or false testimony. Plaintiff's request is GRANTED in part and DENIED in part. Following in camera review of all possibly responsive documents, the Court finds IA # 2007-016.1 (Bates stamp number 08-cv-1450 000001 - 000108) relating to the action from which the instant lawsuit arose to be relevant and not privileged, and ORDERS the documents to be produced to Plaintiff. All personal identifying information other than names shall be redacted. Plaintiff's request for personnel records of Defendants Kluge and Garrett is DENIED as an in camera review of the documents (Bates stamp number 08-cv-1450 000109 - 000329) demonstrates that they contain no relevant information to the subject matter or claims in the instant lawsuit.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is "not privileged" and "relevant to the subject matter involved in the pending action." See Fed. R. Civ. P. 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Because discovery is designed to define and clarify the issues, it is not limited to only those specific issues raised in the pleadings. Id.

The IA documents concerning the incident from which this lawsuit arises are clearly relevant and within the scope of discovery. These documents reflect Plaintiff's complaint of excessive force, the names of the deputies involved, witnesses identified, as well as findings and conclusions about the event. Defendants assert only privacy protections for personal information within the documents. The Court finds that redaction of all individual identifying information protects all privacy interests.

Regarding the personnel files of Defendants Kluge and Garret, there are no relevant documents nor are there any documents that could lead to relevant information.

## III. CONCLUSION

The Court finds IA # 2007-016.1 (Bates stamp number 08-cv-1450 000001 - 000108) relating to the action from which the instant lawsuit arose to be relevant, not privileged, and ORDERS the report and attached documents to be produced to Plaintiff. All personal identifying information other than names shall be redacted. Plaintiff's request for Defendants Kluge's and Garrett's personnel records and citizen complaints is DENIED as these documents are not relevant to any of Plaintiff's requests or any claims in the instant lawsuit. (Bates stamp 08-cv-1450 000109-000329.)

///
///
///

1 |       The Court will return the copies submitted for in camera review to Defendants for redaction of the documents that shall be produced to the Plaintiff. Counsel for Defendants must produce the redacted documents to Plaintiff no later than <u>August 9, 2010</u>.

DATED:  July 30, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge