UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>                Plaintiff,<br>vs.<br>SAN DIEGO COUNTY; HOWARD KLUGE, individually and in his official capacity; BRET GARRETT, individually and in his official capacity; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CASE NO. 08cv1450-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration of Order Partially Granting Summary Judgment ("Motion for Reconsideration"), filed by Plaintiff Paul Bashkin. (Doc. # 56, 57).

**I.    Background**

On May 20, 2010, the Court issued an Order which granted in part and denied in part the motion for summary judgment filed by Defendants. (Doc. # 53). In the Order, the Court granted the motion for summary judgment as to the Complaint's unlawful detention claim and the second cause of action, "conspiracy to interfere with civil rights" pursuant to 42 U.S.C. § 1985 (Doc. # 1 at 5), and denied the motion for summary judgment as to the Complaint's excessive force claim and unlawful search claim.

On June 9, 2010, Plaintiff filed the Motion for Reconsideration. (Doc. # 56, 57). Plaintiff contends:

> That portion of the Order granting summary judgment on Bashkin's unlawful-detention claim had no basis in law or fact. ... [R]econsideration and reversal are mandated because there was no evidence to support a finding that

> defendants could reasonably conclude that Bashkin had trespassed under either statute [i.e., Cal. Penal Code §§ 602(o), 602.1]. The Order completely misstated the facts, misapplied the law and failed to utilize the proper standard of review, all to defendant's advantage. Assuming Bashkin's version of the facts to be correct and viewing the evidence in the light most favorable to him, this Court was required to find that: (1) the 'ban letter' did not require Bashkin to immediately leave Barona; (2) Bashkin did not refuse to leave Barona; (3) Bashkin did not intentionally interfere with Barona's business; and (4) **defendants did not suspect Bashkin of having trespassed**.
>
> Moreover, inexplicably missing from the Order is any admonishment or discussion of defendants', their counsel's and their witnesses' destruction and falsification of evidence, perjury and the subordination thereof. It was clear error for this Court to give credence to [Defendant] Kluge's deposition testimony regarding Bashkin's alleged trespassing, since it was: (1) impeached by Kluge's earlier statements; and (2) based on evidence that had been falsified (the Barona 'ban letter') and destroyed (the tapes made by Barona), so as to conceal the truth.

(Doc. # 56-1 at 1-2). Plaintiff also contends:

> [G]ood cause exists for reconsideration of the grant of summary judgment on my Second Cause of Action pursuant to 42 U.S.C. § 1985, because the ruling was clear error. This Court should have provided me with the opportunity to amend my Complaint to conform to its ruling. In my Opposition to the Motion, I established that I could sufficiently amend my Complaint to comply with that ruling. If given the opportunity, in addition to my existing allegations, I would amend my Second Cause of Action to add the following allegations:
>
>> The conspiracy was racially motivated. Its purpose was to prevent Bashkin and other non-native American patrons of Barona Casino, through force, violence and intimidation, from seeking and enforcing their right to the equal protection of the laws. The conspirators believed that they could get away with it because Barona and its representatives were immune from liability due to their status as a sovereign nation.

(Bashkin Decl. ¶ 6, Doc. # 56-2 (citations omitted)).

On June 25, 2010, Defendants filed an opposition to the Motion for Reconsideration. (Doc. # 60).

On July 2, 2010, Plaintiff filed a reply in support of the Motion for Reconsideration. (Doc. # 61).

**II.  Discussion**

**A.  Standard of Review**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*,

5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

### B.     Unlawful Detention

As set forth in the May 20, 2010 Order, the following facts are undisputed: Barona's security manager gave Plaintiff what Plaintiff termed, "an involuntary 'forcible-ban' letter" (Suppl. Bashkin Decl., Doc. # 51-1, at 5); Kluge witnessed Barona's security manager give Plaintiff the letter (Kluge Dep., Doc. # 39-3, at 170); Kluge then witnessed Plaintiff "attempt[] to leave the holding room to attend the Barona Dinner Buffet for free" (Bashkin Decl., Doc. # 46-1, ¶ 8; *see also id*. ¶ 15; Kluge Dep. at 150, 153-54, 170, 174, Doc. # 39-3).[1]  As set forth in the May 20, 2010 Order, even viewing the evidence in the light most favorable to Plaintiff, a reasonable officer in Kluge's position would have had probable cause to arrest Plaintiff for trespass pursuant to California Penal Code section 602.  *See Blankenhorn v. City of Orange*, 485 F.3d 463, 474-75 (9th Cir. 2007).

As set forth in the May 20, 2010 Order, even if probable cause did not exist, or if there is an issue of fact as to whether probable cause existed, Kluge and Garrett are entitled to qualified immunity as to Plaintiff's unlawful detention claim.  *See Blankenhorn*, 485 F.3d at 476; *see also Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) ("[E]ven absent probable cause, qualified immunity is available if a reasonable police officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information the searching officers possessed.").

Even if Plaintiff were correct that after receiving the "involuntary 'forcible-ban' letter" "Barona was still considered open to Bashkin until he left that property," or that "Bashkin ... was engaging in activities that were constitutionally protected" when he "attempt[ed] to secure

---

[1] Plaintiff submitted an affidavit stating: "During the incident, I do not recall refusing to leave Barona Casino; in fact, after Kluge removed the handcuffs and threatened me, I willingly left." (Suppl. Bashkin Decl. ¶ 3, Doc. # 51-1). This statement does not affirmatively assert that Plaintiff did not refuse to leave Barona while in the Barona holding room, only that Plaintiff "do[es] not recall." In an earlier affidavit, Plaintiff stated that he "attempted to leave the holding room to attend the Barona Dinner Buffet for free" (Bashkin Decl., Doc. # 46-1, ¶ 8), and "[a]s I was attempting to leave the holding room [to go to the buffet], Kluge ... forcibly maneuvered me ... from the holding room through the parking lot" (*id*. ¶ 15). This is consistent with Kluge's deposition testimony that, after Barona security "handed Mr. Bashkin a letter explaining that he is required to leave," Plaintiff said, "'I'm hungry and I'm not leaving without some food.'" (Kluge Dep. at 150, 153-54, Doc. # 39-3; *see also id*. at 170, 174).

1  and enforce his property rights pursuant to his player's club contract with Barona" (Pl.'s Mem.
2  Supp. Mot. Reconsideration at 4, 7, Doc. # 56-1), Plaintiff has not shown that these legal
3  principles were clearly established at the time. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th
4  Cir. 2002) ("The plaintiff bears the burden of showing that the right at issue was clearly
5  established under this second prong [of the qualified immunity analysis].") (citation omitted).

6       For the purposes of this analysis, it is not relevant whether, "at the time of the August
7  8, 2006 incident, Kluge did not consider Bashkin to have trespassed" (Pl.'s Mem. Supp. Mot.
8  Reconsideration at 7-8, Doc. # 56-1). *See Tatum v. City and County of San Francisco*, 441
9  F.3d 1090, 1094 (9th Cir. 2006) ("An officer who observes criminal conduct may arrest the
10 offender without a warrant, even if the pertinent offense carries only a minor penalty. If the
11 facts known to an arresting officer are sufficient to create probable cause, the arrest is lawful,
12 regardless of the officer's subjective reasons for it."); *see also Mueller v. Auker*, 576 F.3d 979,
13 992 (9th Cir. 2009) ("The [qualified immunity] standard is an objective one that leaves ample
14 room for mistaken judgments.") (quotation omitted); *Todd v. U.S.*, 849 F.2d 365, 368 (9th Cir.
15 1988) ("In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court created a strictly
16 objective standard for evaluating claims to qualified immunity.").

17      As set forth in the May 20, 2010 Order, Plaintiff's request for evidentiary sanctions was
18 denied without prejudice to raising the issue in an appropriate motion. (Doc. # 53 at 15). The
19 only evidence submitted by Defendants which was relied upon by the Court in granting
20 summary judgment were portions of Kluge's deposition testimony which are not inconsistent
21 with Plaintiff's evidence. *See, e.g.*, footnote 1, supra.

22      To the extent Plaintiff was not afforded adequate notice of the basis for the grant of
23 summary judgment,[2] Plaintiff has had an adequate opportunity to address the May 20, 2010

---

[2] *But see* Def. Mem. Supp. Mot. Summ J. at 3, Doc. # 39-1 ("The brief detention ... was ... until it was determined whether Plaintiff was going to be arrested for trespassing or whether he would voluntarily depart the casino.") (citing, inter alia, Kluge Dep. at 170 ("I'm firsthand observing Mr. Bashkin actually start to violate Penal Code 602 because he's being told ... by people who own that property or operate that property ... to leave and serving him with a letter and telling him he needs to leave or he will be arrested for 602.")); Defs.' Reply at 4, Doc. # 47 ("[Plaintiff] was going to be arrested for trespassing in violation of Penal Code section 602.1 if he continued to refused to leave.") (citing, inter alia, Kluge Dep. at 170); Pl.'s Points & Auth. Resp. to Defs.' Reply at 3, Doc. # 51 ("Kluge testified that Bashkin violated Penal

1  Order in the Motion for Reconsideration briefing.

2  After considering Plaintiff's contentions related to the Court's grant of summary
3  judgment as to the unlawful detention claim, the Court finds that they do not satisfy the
4  standard required for granting reconsideration.

5  **C.   Section 1985 Claim**

6  In the May 20, 2010 Order, the Court stated:

> To prove a violation under the second clause of section 1985(2) or section 1985(3), a plaintiff 'must show some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators action.' Plaintiff has not alleged in the Complaint or produced evidence that any of the alleged conspirators were motivated by racial or other class-based 'invidiously discriminatory animus.'
>
> '[B]ecause [Plaintiff] failed to make a showing sufficient to establish the existence of an element essential to his claim,' Defendants' Motion for Summary Judgment as to Plaintiff's second cause of action is granted.

(Doc. # 53 at 14-15, quoting, inter alia, *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001)).

Plaintiff contends that "reconsideration is appropriate to provide Bashkin with the opportunity to amend his Complaint" to add an allegation that "[t]he conspiracy was racially motivated." (Doc. # 56-1 at 10; Suppl. Bashkin Decl. ¶ 6, Doc. # 56-2).

The Motion for Reconsideration addresses an Order ruling upon a motion for summary judgment. There was no motion for leave to amend the Complaint pending at the time the Court issued the May 20, 2010 Order, and there is no motion for leave to amend presently pending.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration is DENIED. (Doc. # 56, 57).

DATED: August 13, 2010

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge

---

Code § 602, not Penal Code § 602.1. ... Bashkin could not have violated Penal Code § 602.").