# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>                Plaintiff,<br>vs.<br>SAN DIEGO COUNTY; HOWARD KLUGE, individually and in his official capacity; BRET GARRETT, individually and in his official capacity; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CASE NO. 08cv1450-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for an Order: (1) Modifying the Court's Scheduling Order; and (2) Granting Him Leave to Amend His Complaint ("Motion for Leave to Amend"). (ECF No. 66).

## BACKGROUND

On August 8, 2008, Plaintiff, proceeding pro se, initiated this action by filing a Complaint. (ECF No. 1). The second cause of action in the Complaint alleged a "conspiracy to interfere with civil rights [42 U.S.C. § 1985]." *Id*. at 5.

On January 4, 2010, Defendants filed a Motion for Summary Judgment. (ECF No. 39). Defendants moved for the dismissal of Plaintiff's § 1985 cause of action on the basis that "Plaintiff does not allege facts in his Complaint that establish the Defendants conspired to deprive him of equal protection of the laws. None of Plaintiff's conspiracy allegations relate to Plaintiff's race, religion, political affiliation or any protected class, nor do they show any hint of invidious discriminatory motive." (ECF No. 39-1 at 9).

On May 20, 2010, the Court issued an Order granting Defendants' Motion for Summary Judgment as to Plaintiff's § 1985 cause of action on the basis that "Plaintiff has not alleged in the Complaint or produced evidence that any of the alleged conspirators were motivated by racial or other class-based 'invidiously discriminatory animus.'" (ECF No. 53 at 14-15 (quoting *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001)).

On August 23, 2010, Plaintiff filed the Motion for Leave to Amend. (ECF No. 66). Plaintiff "seeks an order modifying the Court's scheduling order for the purpose of granting him leave to amend his Complaint to properly allege his second cause of action for Conspiracy to Interfere with Civil Rights pursuant to 42 U.S.C. § 1985." (ECF No. 66-1 at 2).

On September 13, 2010, Defendants filed an opposition to the Motion for Leave to Amend. (ECF No. 69).

On September 20, 2010, Plaintiff filed a reply brief. (ECF No. 71).

## DISCUSSION

Federal Rule of Civil Procedure 16(b) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (citation omitted). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quotation omitted). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted).

Defendants contend that the Motion for Leave to Amend should be denied because "the proposed amendment fails to state a claim" and "a wholly new claim of racial discrimination is barred by the statute of limitations." (ECF No. 69 at 2, 3). "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006). After reviewing the proposed first amended complaint and the filings of the parties, the Court finds that this procedure is appropriate in this case.

## CONCLUSION

IT IS HEREBY ORDERED that, pursuant to Federal Rules of Civil Procedure 15(a) and 16(b), the Motion for Leave to Amend is GRANTED. (ECF No. 66). No later than fourteen (14) days from the date this Order is filed, Plaintiff may file the proposed first amended complaint which is attached to the Motion for Leave to Amend.

DATED: October 12, 2010

**WILLIAM Q. HAYES**
United States District Judge