1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>                               Plaintiff,<br>    vs.<br>SAN DIEGO COUNTY; HOWARD<br>KLUGE, individually and in his official<br>capacity; BRET GARRETT, individually<br>and in his official capacity; and DOES 1<br>through 100, inclusive,<br><br>                           Defendants. | CASE NO. 08cv1450-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants San Diego County, Howard Kluge and Bret Garrett.  (ECF No. 76).

## I.  Background

On August 8, 2008, Plaintiff Paul Bashkin, proceeding pro se, filed a Complaint alleging claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  (ECF No. 1).

On May 20, 2010, the Court issued an Order granting in part and denying in part Defendants' Motion for Summary Judgment.  (ECF No. 53).

On October 22, 2010, Plaintiff filed a First Amended Complaint.  (ECF No. 75).

### A.  Allegations of the First Amended Complaint

On August 8, 2006, an employee of Barona Casino & Resort ("Barona") placed a call to the San Diego County Sheriff's Department, requesting an investigation of Plaintiff pursuant

to section 5150 of the California Welfare and Institutions Code.[1]  Defendants Kluge and Garrett, deputies with the San Diego County Sheriff's Department, responded to the call. "After questioning Plaintiff, Deputy Kluge decided not to have Plaintiff involuntarily committed on a § 5150 hold.  Plaintiff was not arrested and was informed he was free to go." (ECF No. 75 ¶ 8).  "Plaintiff then informed Barona that although he did not intend to gamble there anymore, he decided not to 'self-ban' from the casino in order to preserve the substantial player's club benefits he had already earned (e.g., free daily buffets, bonus cash, etc.)."  *Id*. ¶ 9.  "During subsequent negotiations between Plaintiff and Barona, Deputy Kluge interfered with Plaintiff's attempts to protect and preserve his contractual player's club rights.  Without provocation, Deputy Kluge began verbally harassing Plaintiff and shouting at him, informing Plaintiff, among others, that he had 'no rights' and that Barona could do whatever it wanted to him."  *Id*.  "Deputy Kluge then forced Plaintiff from the Barona interrogation room to an adjacent parking lot where the deputy's car was parked by pinning Plaintiff's wrists behind his back, which was excruciatingly painful and left bruises."  *Id*. ¶ 10.  Kluge then handcuffed Plaintiff, searched Plaintiff's pockets, and "ordered Plaintiff to walk around to the casino entrance where the buses departed...."  *Id*. ¶ 12.  "Deputy Kluge then removed the handcuffs while threatening to charge Plaintiff with criminal trespassing if Plaintiff did not leave on the next bus.  Scared to death, Plaintiff did exactly as he was told."  *Id.* ¶ 13.  "Deputy Garrett was present during this ordeal, yet did not attempt to stop Deputy Kluge from committing the acts complained about herein...."  *Id.* ¶ 14.

The First Amended Complaint alleges two causes of action: (1) deprivation of rights pursuant to 42 U.S.C. § 1983 against all Defendants, and (2) conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 against Defendants Kluge and Garrett.

The second cause of action, brought pursuant to § 1985, alleges:

Barona did not want to uphold its part of the contract it had entered into with Plaintiff–which required it to provide Plaintiff with those player's club benefits he had already earned–if Plaintiff was not going to continue gambling there. Certain Barona employees ... informed Deputies Kluge and Garrett that they

---

[1]  Section 5150 allows a peace officer to take a person into custody and place him in a facility for 72-hour treatment and evaluation when the person, "as a result of mental disorder, is a danger to others, or to himself...."  Cal. Welfare & Inst. Code § 5150.

were going to involuntarily ban Plaintiff ... under the pretext of Plaintiff's alleged 'misconduct,' in order to cheat Plaintiff out of the benefits he had already bargained for and earned.  Those Barona employees then entered into an agreement or understanding with Deputy Kluge to have him terrorize Plaintiff and forcibly remove Plaintiff from the premises in order to coerce Plaintiff to give up his player's club rights and to make it appear as if he had engaged in such unidentified misconduct in order to warrant his removal from the casino....

Barona made audio and videotapes of this incident which corroborated all of Plaintiff's allegations....  Because of the incriminating and incendiary nature of the audio and videotapes, defendants Kluge and Garrett, through their agreement(s) with Barona, conspired to obstruct justice and have those tapes destroyed shortly after the incident....

The conspiracy was racially motivated.  Its purpose was to prevent Bashkin and other non-native American patrons of Barona Casino, through force, violence and intimidation, from seeking and enforcing their right to the equal protection of the laws, and to injure them and their property for attempting to enforce their right to equal protection of the laws.  The conspirators thought they were immune from liability due to their status as a sovereign nation.

*Id.* ¶¶ 28-31.

## B.    Motion to Dismiss

On November 3, 2010, Defendants filed the Motion to Dismiss.  (ECF No. 76). Defendants move to dismiss the second cause of action for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985.  Defendants contend that the § 1985 cause of action fails to satisfy the pleading requirements applicable to § 1985(3) claims, and is barred by the applicable statute of limitations.  Defendants also move to dismiss the allegations of unlawful detention in the first cause of action on the basis that the Court previously granted summary judgment as to Plaintiff's unlawful detention claim.

On November 29, 2010, Plaintiff filed an opposition to the Motion to Dismiss.  (ECF No. 78).  Plaintiff contends:

The Second Cause of Action contained in Bashkin's First Amended Complaint ... is comprised of §§ 1985(2) and 1985(3) claims for conspiracy to interfere with Bashkin's civil rights.  Defendants' Motion does not attack or contest Bashkin's § 1985(2) claims.  Therefore, even assuming, ... that the FAC somehow fails to state a § 1985(3) claim, Bashkin's § 1985(2) claim is conceded....

*Id.* at 2 (emphasis omitted).  Plaintiff contends that the § 1985(3) claim is adequately pled and that the § 1985(3) claim is not barred by the statute of limitations due to the relation-back doctrine of Federal Rule of Civil Procedure 15(c).

On December 6, 2010, Defendants filed a reply in support of the Motion to Dismiss.

(ECF No. 79).  Defendants contend: "Plaintiff's First Amended Complaint does not specify the subsection of section 1985 under which he brings his claim, but the only possible applicable subsection would be section 1985(3).  Subsection (2) has no application to the facts alleged."  *Id*. at 1.  Defendants contend that the § 1985 claim does not relate back to the date of the original pleading because "there is no common core of operative facts in the original complaint that reflects any hint of racial discrimination."  *Id*. at 2.

**II.    Discussion**

      **A.    Standard of Review**

      Pro se complaints are held to a less stringent standard than formal pleadings by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).  However, a pro se litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong.  *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

1  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum,

2  for a complaint to survive a motion to dismiss, the non-conclusory factual content, and

3  reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

4  plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations

5  omitted).

6  **B.    Section 1985(3) Claim**

7  Defendants move to dismiss the § 1985(3) cause of action on the basis that it fails to

8  satisfy the pleading requirements applicable to § 1985(3) claims, and is barred by the

9  applicable statute of limitations.

10  **1.    Pleading Requirements**

11  Section 1985(3) provides:

12  > If two or more persons ... conspire ... for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of the laws, or of equal
13  > privileges and immunities under the laws ... the party so ... deprived may have an action
> for the recovery of damages occasioned by such ... deprivation, against any one or more
14  > of the conspirators.

15  42 U.S.C. § 1985(3). "To bring a cause of action successfully under § 1985(3), a plaintiff must

16  allege and prove four elements:

17  > (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly,
> any person or class of persons of the equal protection of the laws, or of equal
18  > privileges and immunities under the laws; and (3) an act in furtherance of this
> conspiracy; (4) whereby a person is either injured in his person or property or
19  > deprived of any right or privilege of a citizen of the United States.

20  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). The

21  second element requires that a plaintiff "demonstrate a deprivation of [a] right motivated by

22  'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

23  conspirators' action.'" *Id.* (quoting *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971). "A

24  claim under ... section [1985(3)] must allege facts to support the allegation that defendants

25  conspired together. A mere allegation of conspiracy without factual specificity is insufficient."

26  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 62, 626 (9th Cir. 1988) (citations omitted).

27  The First Amended Complaint alleges that, on August 8, 2006, "Barona employees ...

28  informed Deputies Kluge and Garrett that they were going to involuntarily ban Plaintiff ...

under the pretext of Plaintiff's alleged 'misconduct,' in order to cheat Plaintiff out of the

benefits he had already bargained for and earned" and "[t]hose Barona employees ... entered into an agreement or understanding with Deputy Kluge to have him terrorize Plaintiff and forcibly remove Plaintiff from the premises in order to coerce Plaintiff to give up his player's club rights...."  (ECF No. 75 ¶ 28).  The First Amended Complaint alleges that "[t]he conspiracy was racially motivated," *id.* ¶ 31, and Plaintiff suffered emotional, physical and monetary injuries.  Construing the First Amended Complaint liberally, the Court finds that Plaintiff has adequately stated a claim pursuant to § 1985(3).

### 2.   Statute of Limitations

Section 1985(3) actions filed after January 1, 2003 are governed by the two-year statute of limitations in California Code of Civil Procedure § 335.1.  *See McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) ("[W]e hold that suits under § 1985(3) are ... best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983."); *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (holding California's statute of limitations "for assault, battery, and other personal injury claims" applies to § 1983 claims); Cal. Code Civ. Proc. § 335.1 (providing action for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be commenced within two years of accrual).

The alleged violation of § 1985(3) occurred on August 8, 2006.  Plaintiff filed his original Complaint on August 8, 2008, exactly two years later.  Defendants do not dispute that the original Complaint was filed within the two-year limitations period.  *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (section 1985 claim timely filed within the then-applicable one-year limitations period when "[t]he events underlying the *Hernandez* ... action[] occurred on June 11-12, 1994" and "*Hernandez* was filed in federal district court on June 12, 1995–exactly one year after the cause of action accrued").  Plaintiff filed his First Amended Complaint on October 22, 2010, outside the two-year limitations period.  Plaintiff contends that the § 1985(3) claim is not barred by the statute of limitations pursuant to Federal Rule of Civil Procedure 15(c).

Rule 15(c) provides: "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim ... that arose out of the conduct,

1   transaction, or occurrence set out–or attempted to be set out–in the original pleading...."  Fed.

2   R. Civ. P. 15(c)(1)(B).  "Claims arise out of the same conduct, transaction, or occurrence if

3   they share a common core of operative facts such that the plaintiff will rely on the same

4   evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)

5   (quotation omitted).  "The requirement that the allegations in the amended complaint arise

6   from the same conduct, transaction, or occurrence is meant to ensure that the original pleading

7   provided adequate notice of the claims raised in the amended pleading." *Id*. at 1133 n.9

8   (citation omitted).

9        Plaintiff attempted to set out a § 1985 claim in his original Complaint.  The allegations

10   of the Complaint and the First Amended Complaint are identical, except that the First

11   Amended Complaint adds a single paragraph alleging that "[t]he conspiracy was racially

12   motivated."  (ECF No. 75 ¶ 31).  The original Complaint and the First Amended Complaint

13   share a common core of operative facts.  The original Complaint "provided adequate notice

14   [to Defendants] of the claims raised in the amended pleading." *Williams*, 517 F.3d at 1133 n.9.

15   Pursuant to Federal Rule of Civil Procedure 15(c), the § 1985(3) claim in the First Amended

16   Complaint relates back to the filing date of the original Complaint.

17        The Motion to Dismiss the § 1985(3) claim in the First Amended Complaint is denied.

18   **C.    Section 1985(2) Claim**

19        Despite the First Amended Complaint not specifying which subsection of § 1985

20   Plaintiff was contending was violated, in the Motion to Dismiss, Defendants only moved for

21   dismissal pursuant to § 1985(3).  After Plaintiff responded that he contends the First Amended

22   Complaint states a claim pursuant to § 1985(2) and § 1985(3), Defendants filed a reply brief

23   which stated that § 1985(2) "has no application to the facts alleged."[2]  (ECF No. 79 at 1).

24

25   ───────────────

26   [2]  "Section 1985(2) contains two clauses that give rise to separate causes of action."
*Portman v. County of Santa Clara*, 995 F.2d 898, 908-909 (9th Cir. 1993).  The first clause
concerns access to federal courts, giving rise to a cause of action where:

27        two or more persons in any State or Territory conspire to deter, by force,
     intimidation, or threat, any party or witness in any court of the United States
     from attending such court, or from testifying to any matter pending therein,

28        freely, fully and truthfully, or to injure such party or witness in his person or
     property on account of his having so attended or testified....

42 U.S.C. § 1985(2).  The second clause concerns access to state or territorial courts, giving

1    Defendants offered no further explanation or citation to authority concerning § 1985(2).

2          The Court concludes that Defendants have failed to adequately move for the dismissal

3    of any claim alleged in the First Amended Complaint pursuant to § 1985(2).  The issue of

4    whether the First Amended Complaint adequately states a claim pursuant to § 1985(2) is not

5    properly before the Court.

6          **D.    Unlawful Detention Claim**

7          The Court previously granted Defendants' Motion for Summary Judgment as to

8    Plaintiff's claim in the original Complaint for unlawful detention pursuant to 42 U.S.C. § 1983.

9    For the reasons stated in the May 20, 2010 Order granting in part Defendants' Motion for

10   Summary Judgment (ECF No. 53) and the August 13, 2010 Order denying Plaintiff's Motion

11   for Reconsideration (ECF No. 63), the Motion to Dismiss is granted to the extent the First

12   Amended Complaint restates a claim for unlawful detention.

13   **III.   Conclusion**

14         IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED IN

15   PART and DENIED IN PART.  (ECF No. 76).  The Motion to Dismiss is granted to the extent

16   the First Amended Complaint restates a claim for unlawful detention.  In all other respects, the

17   Motion to Dismiss is denied.

18   DATED:  January 27, 2011

19                                   _William Q. Hayes_
                                     **WILLIAM Q. HAYES**
20                                   United States District Judge

21

22

23

24

25

26

27

28   _____
     rise to a cause of action where "two or more persons conspire for the purpose of impeding,
     hindering, obstructing, or defeating, in any manner, the due course of justice in any State or
     Territory, with intent to deny to any citizen the equal protection of the laws...." *Id*.