UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Bashkin,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>San Diego County, et al.,<br><br>　　　　　　　Defendants. | Civil No. 08cv1450 AJB (WVG)<br><br>Order Construing Plaintiff's Letter as a Motion to Amend the Pretrial Order and Denying the Motion<br><br>[Doc. No. 132] |

　　　In the Plaintiff's letter of December 29, 2011, Doc. No. 132, the Plaintiff states that while he did not include a First Amendment claim in the trial documents he filed on December 23, 2011, he nonetheless believes that a First Amendment claim was sufficiently pled in his First Amended Complaint ("FAC"). Specifically, the Plaintiff asserts that his freedom of assembly and free speech rights were violated by Defendants and that these allegations are set forth in the FAC. The Court construes the Plaintiff's letter, Doc. No. 132, as a motion to amend the Pretrial Order, Doc. No. 101, entered on May 6, 2011.

　　　The Court's review of Plaintiff's pleadings in this case has failed to reveal any mention of Plaintiff's alleged First Amendment violations. The Plaintiff's initial complaint, Doc. No. 1, filed on August 8, 2009, contained only two causes of action: 1) deprivation of rights under 42 U.S.C. § 1983, characterized as:

1        a.      Unlawful search and seizure and use of excessive force in violation of plaintiff's 4th.

2              Deprivation of liberty in violation of plaintiff's 14th Amendment rights when defendants

3              unlawfully restrained him. Plaintiff also filed a claim against the city of San Diego

4        b.      San Diego County Sheriff's Department maintained a policy that allowed named

5              defendants to engage in unlawful behavior.

6 and 2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985, characterized as:

7      Named defendants conspired with casino employees to interfere with plaintiff's 4th and 14th

8 Amendment rights. § 1985 has three components:

9         i.      Preventing an officer from performing duties;

11        ii.      Obstructing justice;

12        ii.      Depriving a person's rights and privileges.

13      After the Court's Order granting in part and denying in part Defendants' motion for summary judgment, Doc. No. 53, filed on May 20, 2010, the Plaintiff filed a First Amended Complaint ("FAC"), Doc. No. 75, on October 22, 2010, to cure certain defects in his second cause of action, however, no First Amendment violations were raised or pled by the Plaintiff in the FAC.

     After the Court's Order granting in part and denying in part Defendants' motion to dismiss, Doc. No. 85, filed January 27, 2011, the Plaintiff's remaining two causes of actions were for : (1) deprivation of rights pursuant to 42 U.S.C. § 1983 due to unlawful search and seizure; and (2) conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985; (a) § 1985(2), obstructing justice; and § 1985(3), depriving a person of rights and privileges. Again, there is no mention of the Plaintiff's alleged First Amendment claims.

     For a district court to have original jurisdiction over federal question cases, the well-pleaded complaint rule requires the Plaintiff to raise the federal law issue on the face of the complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). Based upon the foregoing, the Court finds that the

//
//
//

Plaintiff has not made any showing that he ever pled any First Amendment violations in his initial or amended complaints. As such, the Plaintiff's motion to amend the Pretrial Order, Doc. No. 132, to add his new First Amendment claims is DENIED.

IT IS SO ORDERED.

DATED: March 8, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge