UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Bashkin,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>San Diego County, et al.,<br><br>　　　　　　　Defendants. | Civil No. 08cv1450 AJB (WVG)<br><br>ORDER DENYING EX PARTE MOTION TO VACATE SET ASIDE OR RECONSIDER MAY 23, 2012 ORDER<br><br>[Doc. No. 157] |

On June 11, 2012, the Plaintiff filed an ex parte motion, [Doc. No. 157], asking the Court to vacate, set side or reconsider the Court's Order of May 23, 2012, [Doc. No. 153]. The Court's May 23, 2012 Order notified the Plaintiff that the second Pro-Bono counsel declined appointment and instructed the Plaintiff to be prepared to proceed pro se for his trial set to begin on July 9, 2012 or face dismissal of his claims for failure to prosecute.

In the ex parte motion, the Plaintiff argues that the Court's Order of May 23, 2012 is: 1) prejudicially erroneous; 2) misrepresents the basis for withdrawal of the first appointed pro bono counsel; and 3) is unlawful because 28 U.S.C. § 1915(e)(1) does not condition the appointment of pro bono counsel on there being a volunteer willing to accept appointment.

The Court is not moved by the Plaintiff's contention that the May 23, 2012 Order was "prejudicially erroneous" because the Court "mischaracterized the failure of each of its appointments as being plaintiff's fault, in order to justify revoking its prior order." The first Pro Bono counsel filed a motion to

withdraw citing: 1) an inability to reach unambiguous, timely agreement on legal claims and arguments with the Plaintiff; and 2) an inability to achieve the cooperation necessary for Pro Bono Counsel to effectively represent Plaintiff. *See* Doc. No. 145, at 1-2. The second Pro Bono Counsel that was randomly selected notified the Court that he would decline appointment after attempts to contact the Plaintiff to discuss a potential conflict of interest[1] failed.

Based upon the foregoing, the Court declined to attempt any further appointments. The Court finds Plaintiff's alleged due process violations with regard to the appointment of counsel to be both irrelevant and without merit. The Court once again takes this opportunity to remind the Plaintiff that there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Plaintiff's contention that the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is not conditioned on a "volunteer" willing to accept appointment as counsel for a civil plaintiff completely ignores the fact that the statute does not authorize the federal courts to make coercive appointments of counsel. Although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, 28 U.S.C. § 1915(e)(1) does not grant the court the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

The Plaintiff's contention that the May 23, 2012 Order is unlawful because "there is no evidence that any of those relevant circumstances have changed" is also without merit. Mr. Bashkin has clearly demonstrated a pattern of uncooperative behavior[2] and repeated requests to delay the trial in this case.[3]

---

[1] The potential conflict of interest cited by the second Pro Bono Counsel was the prior lawsuit brought by the Plaintiff against this counsel's law partner.

[2] The Plaintiff failed to participate in any of the joint pretrial filings required by Order of this Court and refused several attempts by the first appointed counsel to return of his original files after her withdrawal.

[3] In September of 2011, the Plaintiff requested the Court postpone trial due to his medical condition, however, the Plaintiff was present and argued vigorously his position during the motions in limine hearing. Out of an abundance of caution, the Court postponed the January 3, 2012 trial date until April 23, 2012 and requested appointment of counsel from the Pro Bono panel. Counsel was randomly selected and appointed, however, subsequently problems led to counsel's request to withdraw. The Court again postponed the April 23, 2012 trial date to July 9, 2012 and again requested appointment of Pro Bono counsel.

This case was initially filed on August 8, 2008. The July 9, 2012 trial date is the third time a trial date has been set in this case. The Court has made every attempt to accommodate the Plaintiff, however, the Plaintiff's uncooperative behavior and repeated delays have become prejudicial to defendants and the timely resolution of this case. Based upon the foregoing, the Plaintiff's ex parte motion is hereby DENIED. The Plaintiff is expected to be prepared to proceed pro se for the trial in the case, which is set to begin at 9:00 a.m. on July 9, 2012, in Courtroom 12. There will be no further continuances of the trial date. Mr Bashkin is warned that a failure to appear ready to proceed on the trial date will result in a dismissal of the action for a failure to prosecute.

IT IS SO ORDERED.

DATED: June 19, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge