UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Bashkin,<br><br>  Plaintiff,<br><br> v.<br><br>San Diego County; et al.,<br><br>  Defendants. | Case No. 08cv1450 AJB (WVG)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO RE-TAX COSTS<br><br>[Doc. No. 186] |

The Plaintiff, Paul Bashkin, filed a motion to re-tax Defendants' bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.h. (Doc. No. 186.) The hearing set for October 12, 2012 is hereby VACATED as the Court finds ths motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Plaintiff's motion is DENIED.

### *Background*

Upon application of County of San Diego, Howard Kluge, and Brett Garrett ("Defendants"), a hearing for taxation of costs was held on August 2, 2012 at 10:00am. Plaintiff Paul Bashkin appeared. James Chapin, representing Defendants, appeared telephonically. (Doc. No. 179.) On August 8, 2012, Paul Bashkin brought to the attention of the Clerk's Office that the amount taxing costs did not coincide with the written indications of the Order Taxing Costs. After further review of the Order Taxing Costs (Doc. No. 179), the Order was amended to reflect the written indications. (Doc. No. 181.)

On August 31, 2012, Plaintiff filed a motion to re-tax Defendants' bill of costs (Doc. No. 186), which were taxed in an Amended Order Taxing Costs on August 8, 2012 (Doc. No. 181.)  Specifically, Plaintiff objects to the following portions of the Court's order: (1) taxation of Defendants' deposition costs; (2) taxation of Defendants' claimed witness fee; and (3) taxation of Defendants' "CD Transcription" Exhibit.  (Doc. No. 186, p. 2-3.)  On September 17, 2012, Defendants filed an opposition to the motion to re-tax costs.  (Doc. No. 189.)

### *Legal Standard*

Under Rule 54(d), this Court has broad discretion to vacate or amend the Clerk's decision to tax costs.  *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  In exercising this discretion, the Court is mindful that a losing party bears the burden of establishing a reason to avoid taxation of costs.  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).  Although a district court must "specify reasons" for its refusal to tax costs to the losing party, the Court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)*; Save Our Valley*, 335 F.3d at 945.

Under Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate. Courts are limited by 28 U.S.C. § 1920 in which costs they can tax.  Section 1920 "enumerates the expenses a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Alflex Corp. v. Underwriters Laboratories*, Inc. 914 F.2d 175, 176 (9th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  While courts are limited to the items enumerated as taxable costs under § 1920, they are free to interpret the meaning and scope of such items.  *Alflex*, 914 F.2d at 177.  Once it has been

established that a certain item falls within the scope of § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case. *Id*.

### *Discussion*

In the motion to re-tax costs, Plaintiff objects to the Defendants' (1) deposition costs; (2) claimed witness fees; and (3) "CD Transcription" exhibit.

**A.**   ***Deposition Costs***

Plaintiff objects to the costs requested for defense counsel's copy of the deposition transcript of Howard Kluge. (Doc. No. 186, p. 2:4-5.) In its Amended Order Taxing Costs, the Court denied the objection because Defendants' counsel indicated that this one copy of the deposition was the copy allowed for defense of the deposition taken by Plaintiff. (Doc. No. 181.) Plaintiff contends that this finding violates Local Civil Rule 54.1(b)(3)(a).

Local Rule 54.1(b)(3) provides for recovery of deposition costs including the cost of "an original and one copy of any deposition necessarily obtained for use in the case." In defending this action and preparing for trial, Defendants ordered one certified copy of the transcript of the deposition taken by Plaintiff of Defendant Howard Kluge at a cost of $726.23. (Decl. James Chapin ¶3, Ex. B to Bill of Costs.) Plaintiff challenges this cost on the theory that he ordered one original and one certified copy of Kluge's deposition. (Doc. No. 186, p. 2:13-14.) Regardless of Plaintiff's incurred costs for Kluge's deposition, only one copy of the deposition transcript was taxed for Defendants' use in defending the action. Accordingly, Plaintiff's motion to re-tax as to deposition costs is DENIED.

**B.**   **Witness Fee**s

Plaintiff objects to the $40 witness fee of George Denny's attendance. (Doc. No. 186, p. 2:24-25.) Plaintiff contends that the witness fee should not have been awarded because there was no evidence that Denny was subpoenaed for trial, and Defendants admitted that Denny did not actually attend trial. (*Id.* at 2:27-3:1.)

Pursuant to Local Rule 54.1(b)(4)(a), recoverable fees paid to witnesses include "per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. § 1821 paid to witnesses subpoenaed and/or actually attending the proceeding . . ." A subpoena for appearance at trial was served on George Denny at a cost of $67.36, which included mileage. (Ex. C. to Bill of Costs.) On the day of trial,

Plaintiff declined to present his case, and the case was dismissed before Denny arrived.  Defendants waived the mileage portion of the fee, and the remaining $40 is taxable for the costs of subpoenaing Denny.  Accordingly, Plaintiff's motion to re-tax Defendants' witness fees is DENIED.

**C.     "CD Transcription" Exhibit**

Plaintiff further objects to fees in the amount of $1,050.20 for "costs associated with the copying of material which were used for trial exhibits," specifically a CD transcription.  (Doc. No. 186, p. 3:11-12.)  Plaintiff contends the awarded fee in the amount of $618.80 for the cost of "models, blowups, and photocopies of exhibits" is in violation of Local Rule 54.1(b)(6).  (Doc. No. 186, p. 3:14-17.)

Local Rule 54.1(b)(6)(a)(2) provides that the cost of copies necessarily obtained for use in the case are taxable if one of more of six criteria are met, including that "copies were used as court exhibits, either admitted into evidence, or attached to a motion."  Defendants ordered a certified transcript of Plaintiff's recorded statement to the Sheriff's Office Internal Affairs for use in trial and in reply to Plaintiff's opposition to Defendants' motion for summary judgment.  (Doc. No. 189, p. 2:26-3:1.)  Pursuant to Local Rule 54.1(b)(6)(a)(2), the copies are taxable because they were used as court exhibits and attached to a motion.  Accordingly, Plaintiff's motion to re-tax Defendants' "CD Transcription" exhibit is DENIED.

## *Conclusion*

For the reasons set forth above, Plaintiff's Motion to Re-tax Costs is hereby DENIED.  Plaintiff shall pay a total of $1,384.80 in taxable costs to Defendants as set forth in the Amended Order Taxing Costs.  (Doc. No. 181.)

IT IS SO ORDERED.

DATED: October 5, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge